NOT DESIGNATED FOR PUBLICATION

No. 119,517

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG L. KIRKENDOLL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed July 12, 2019. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Craig L. Kirkendoll appeals his conviction of aggravated assault. Kirkendoll's only claim on appeal is that the district court committed reversible error by denying his motion for a mistrial. Finding that the district court did not abuse its discretion in denying the mistrial motion, we affirm the court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2017, Nicholas Manning was working as a supervisor for Wildcat Construction at a construction site at the intersection of Pawnee and Hydraulic in

1

Wichita. There was a bank on the northwest corner of the intersection, and Manning walked to his truck in the bank's parking lot to get a drink of water. While Manning was at his truck, a man approached him and asked if he was hiring. Manning did not know the man but later identified him as Kirkendoll. Manning told Kirkendoll he was not hiring. As Manning took a drink of water, Kirkendoll punched him in the face. Kirkendoll then pulled out a handgun and threatened to kill Manning. Once Manning saw the gun, he started to run to where his crew was working. Kirkendoll ran in the opposite direction.

Alfonso Romo, an employee of Wildcat Construction, was also at work that day. Romo saw a man approach Manning. Then he saw Manning run towards the rest of the work crew. Romo also saw what he thought was a knife or a gun in the other man's hand. Romo called 911 to report the incident. Another construction worker, Donnie Bennett, also confirmed that he saw Manning running through the parking lot toward the crew and another man was running in the opposite direction.

The State later charged Kirkendoll with aggravated assault. At the preliminary hearing, Manning testified that a few days after the assault someone he did not know approached him at the work site and told him that the man who had hit him was Craig Kirkendoll. Manning told the man to stay there, but the man said he wanted nothing to do with the police and left. Manning then looked for Kirkendoll on Facebook and found Kirkendoll's Facebook page with his profile picture. Manning recognized the profile picture as the man who had assaulted him. Manning called the detective assigned to his case and told him that the suspect's name was Craig Kirkendoll. The police later showed Manning several photographs of men who looked like Kirkendoll, and Manning picked Kirkendoll as the person who hit him and pointed a gun at him. Kirkendoll did not file any motion to attempt to suppress Manning's identification of him as the suspect.

On the second day of trial, before Manning testified, Kirkendoll's counsel made an oral motion in limine and objected to any testimony from Manning about how he learned

2

the name of his attacker, arguing the testimony would be inadmissible hearsay. After hearing arguments from the parties, the district court sustained Kirkendoll's hearsay objection, stating the court would "allow the witness, you know, I can't tell the witness what to say, but basically just say, obtained information and then did the following and what [he] did. And then [he] can be cross-examined with regard to that."

During Manning's testimony, the State asked Manning if he had received additional information related to the case. Kirkendoll renewed his objection and the district court overruled it. The State then asked: "What happened to cause you to call the detectives with additional information?" Manning replied: "I was given some information about the name of who the person was that did it." Kirkendoll objected and asked to approach the bench. The district court excused the jury.

Kirkendoll moved for a mistrial arguing Manning "completely violated what we just talked about. He said the person who did this." The State agreed that Manning's answer violated the district court's order. Both parties argued whether a mistrial was appropriate. The district court denied Kirkendoll's motion for mistrial, stating:

> "I do have concerns that obviously this did clearly violate the Court's previous order with regard to this particular testimony. I understand the State did nothing to cause it and I don't believe that the witness in any way intentionally tried to violate it. As I said earlier, the Court is kind of splitting hairs here, trying to be very careful and still comply with the case law that we cited earlier. And while it does violate the Court's order, you know, again, just to read into the record what the witness said was, quote, I was given some information about the name of who the person was that did it, unquote. And, again, [that] certainly violates the Court's order.
>
> "After serious consideration on both sides, I think that this can be cured by the Court directing the jury and, you know, I can only do it so strongly and basically I'm just going to say, ladies and gentlemen, [Kirkendoll's] objection is sustained. I'm going to direct the jury to disregard the witness' last answer. And then I'm going to proceed by turning it back over to [the State]. I will allow her to ask a couple of leading questions so

3

that as she's propounded here on the record, so that we don't fall back into the abyss, and will note the defense's request for the mistrial, let the appellate court review it later. You know, I do understand very much that identity is the issue here.

"And that's why I seriously considered the request for the mistrial, but in looking at that specific statement and the specific words that were used, while this clearly violated the order, I don't believe that it's going to have that much impact on this jury. I, of course, don't know all of the evidence that's going to be presented, but what I know of the evidence, again, I think the Court has to seriously consider it and the Court has done so and heard from both counsel on it and will overrule the request for a mistrial, but sustain the objection."

When the jury returned, the district court told the jury that it was sustaining "defense's last objection to the last answer and the jury is directed to disregard the witness' last answer." The State then asked Manning leading questions to avoid violating the court's order. Manning conveyed that he saw Kirkendoll's picture on Facebook and then called the police to let them know he figured out who assaulted him.

In addition to Manning, the State also called Romo and Bennett as witnesses along with several police officers and detectives who had investigated the case. Sherry Norton, Kirkendoll's wife, testified for the defense. She testified that on the day of the incident she and Kirkendoll were renovating a house. She stated that she and Kirkendoll were together most of the time and that she did not see him assault anyone. She also said that neither she nor Kirkendoll owned a gun. On cross-examination, Norton testified that she told police she and Kirkendoll were ripping out carpet on the day of the incident.

Kirkendoll testified in his own defense. Kirkendoll testified that on the day of the incident he was mowing the lawn of the house he was renovating. He explained that he first, and mistakenly, told police he was ripping out carpet on the day of the incident. Kirkendoll testified that he did not go to the construction site, did not try to get a job with Wildcat Construction, and did not own a firearm.

4

The jury found Kirkendoll guilty of aggravated assault. Kirkendoll moved for a new trial or a judgment of acquittal. In his motion, Kirkendoll again addressed his earlier motion for a mistrial. The district court denied the posttrial motion and sentenced Kirkendoll to 25 months' imprisonment. Kirkendoll timely filed a notice of appeal.

ANALYSIS

On appeal, Kirkendoll claims "[t]he district court committed reversible error when it denied [his] motion for mistrial based upon [Manning's] trial testimony in violation of the court's order in limine." Kirkendoll points out that the parties agree that Manning violated the district court's order by testifying that an unknown person gave him Kirkendoll's name. He argues that the violation could not be cured by the court instructing the jury to disregard the answer.

The State argues that the district court did not abuse its discretion in denying the motion for a mistrial. The State asserts that Kirkendoll has failed to demonstrate that Manning's violation of the order in limine amounted to a fundamental failure in the proceeding or substantially prejudiced Kirkendoll's right to a fair trial.

The parties agree that the district court's decision regarding a mistrial is reviewed under an abuse of discretion standard. *State v. Williams*, 299 Kan. 509, 559, 324 P.3d 1078 (2014). Judicial discretion is abused if the judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Moyer*, 306 Kan. 342, 356, 410 P.3d 71 (2017). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Kirkendoll claims he had a right to receive a mistrial under K.S.A. 22-3423(1)(c), which states: "The trial court may terminate the trial and order a mistrial at any time that

he finds termination is necessary because: . . . (c) [p]rejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution." In evaluating a motion for mistrial under this subsection, the district court must (1) determine whether the complained-of error was a fundamental failure in the proceeding and, if so, (2) determine whether the trial may continue without injustice to the injured party by removing the damaging effect of the error by admonition, jury instruction, or other action. *State v. Santos-Vega*, 299 Kan. 11, 23, 321 P.3d 1 (2014).

Here, in ruling on Kirkendoll's hearsay objection to Manning's testimony, the district court ruled that Manning could only say that he "obtained information" that led him to find Kirkendoll's photograph on Facebook. Kirkendoll does not challenge the propriety of the district court's ruling. The parties agree that Manning violated the district court's ruling when he testified that he "was given some information about the name of who the person was that did it." In denying the motion for mistrial, the district court did not explicitly find whether the error was a fundamental failure in the proceeding. But the district court found that the error could be corrected by instructing the jury to disregard Manning's answer. We review the district court's decision for an abuse of discretion.

Based on our review of the entire record, we find that the complained-of error did not cause a fundamental failure in the proceeding. Manning's erroneous statement only involved what led him to find Kirkendoll's name that he reported to the police. As Manning testified, the police later showed him several photographs of men who looked like Kirkendoll, and Manning picked Kirkendoll as the person who hit him and pointed a gun at him. Kirkendoll did not file any motion to attempt to suppress Manning's identification of him as the suspect. Manning identified Kirkendoll as his attacker at trial. He testified in detail about how Kirkendoll approached him at the work site, asked for a job, and then struck him and threatened him with a handgun.

6

Manning testified at trial about his opportunity to observe Kirkendoll at the scene of the alleged crime. The jury had the chance to assess Manning's credibility as a witness and to weigh his testimony along with the other corroborating evidence offered by the State against Kirkendoll's evidence. We have no reason to find that the complained-of error substantially prejudiced Kirkendoll's right to a fair trial.

But even if the complained-of error amounted to a fundamental failure in the proceedings, we find that the district court adequately cured any error by sustaining Kirkendoll's objection to Manning's testimony and instructing the jury to disregard the answer. We presume that the jury followed the district court's instructions, and the court's guidance served to mitigate any potential harm caused by the improper testimony. See *State v. Kettler*, 299 Kan. 448, 478, 325 P.3d 1075 (2014). After the district court's admonition to the jury, Manning completed his testimony with no more problems and the parties were able to continue the trial without injustice to Kirkendoll.

In sum, the district court's decision to deny the mistrial was not arbitrary, fanciful, or unreasonable and was not based on an error of fact or law. See *Moyer*, 306 Kan. at 355-56. Under these facts, and given our standard of review, Kirkendoll fails to persuade us that the district court abused its discretion by denying his motion for mistrial.

Affirmed.